UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ANIERIS REYES,

                    Plaintiff,

              -against-

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, CAPTAIN BRIAN
MULLEN, DETECTIVE SAM CARRASQUILLO,
DETECTIVE DERRICK JACKSON, DETECTIVE
FRANKLYN SEPULVEDA, SERGEANT KEVIN
GOGGIN, SERGEANT MICHAEL FANTROY,
SERGEANT VILLANUEVA, POLICE OFFICER
"JOHN DOE 1" and POLICE OFFICER "JOHN
DOE 2",

                    Defendants.
-----------------------------------------------------------------------X

Docket No. 11-CV-5858 (JSR)

**AMENDED COMPLAINT**
**JURY TRIAL DEMANDED**

The plaintiff, complaining of the above-named defendants, by her counsel, Certain & Zilberg,

PLLC, respectfully alleges the following:


## JURISDICTION

1. Jurisdiction is founded upon the existence of Federal Questions.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation,

   custom, or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth

   and Fourteenth Amendments to the Constitution of the United States, pursuant to 42 U.S.C. §

   1983 as well as pursuant to the Common Law of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 (3 & 4).

4. Venue is appropriate pursuant to 28 U.S.C. § 1391 (b) (1 & 2).

5. This Court has jurisdiction to hear plaintiff's New York State Law claims pursuant to 28

U.S.C. § 1367.

## PARTIES

6.  Plaintiff ANIERIS REYES (hereinafter referred to as "REYES") is a natural person, female, and resident of the United States of America, residing within the County of New York, the City of New York and State of New York.

7.  At all relevant times REYES was employed as a private security guard.

8.  At all times hereinafter mentioned, the defendant CAPTAIN BRIAN MULLEN (hereinafter referred to as "MULLEN") is a natural person and a police officer who, upon information and belief, at all relevant times was assigned to the 33rd Precinct of the NEW YORK CITY POLICE DEPARTMENT and employed by, and agent of, the CITY OF NEW YORK.

9.  At all times hereinafter mentioned, the defendant DETECTIVE SAM CARRASQUILLO (Shield No. 01411) (hereinafter referred to as "CARRASQUILLO") is a natural person and a police officer who, upon information and belief, at all relevant times was assigned to the 33rd Precinct of the NEW YORK CITY POLICE DEPARTMENT and employed by, and agent of, the CITY OF NEW YORK.

10. At all times hereinafter mentioned, the defendant DETECTIVE DERRICK JACKSON (Shield No. 4006) (hereinafter referred to as "JACKSON") is a natural person and a police officer who, upon information and belief, at all relevant times was assigned to the 33rd Precinct of the NEW YORK CITY POLICE DEPARTMENT and employed by, and agent of, the CITY OF NEW YORK.

11. At all times hereinafter mentioned, the defendant DETECTIVE FRANKLYN SEPULVEDA (Shield No. 2244) (hereinafter referred to as "SEPULVEDA") is a natural person and a police officer who, upon information and belief, at all relevant times was assigned to the 33rd

Precinct of the NEW YORK CITY POLICE DEPARTMENT and employed by, and agent of, the CITY OF NEW YORK.

12. At all times hereinafter mentioned, the defendant SERGEANT KEVIN GOGGIN (Shield No. 2703) (hereinafter referred to as "GOGGIN") is a natural person and a police officer who, upon information and belief, at all relevant times was assigned to the 33rd Precinct of the NEW YORK CITY POLICE DEPARTMENT and employed by, and agent of, the CITY OF NEW YORK.

13. At all times hereinafter mentioned, the defendant SERGEANT MICHAEL FANTROY (Shield No. 4043) (hereinafter referred to as "FANTROY)" is a natural person and a police officer who, upon information and belief, at all relevant times was assigned to the 33rd Precinct of the NEW YORK CITY POLICE DEPARTMENT and employed by, and agent of, the CITY OF NEW YORK.

14. At all times hereinafter mentioned, the defendant SERGEANT VILLANUEVA (hereinafter referred to as "VILLANUEVA") is a natural person and a police officer who, upon information and belief, at all relevant times was assigned to the 33rd Precinct of the NEW YORK CITY POLICE DEPARTMENT and employed by, and agent of, the CITY OF NEW YORK.

15. At all relevant times, the defendant CITY OF NEW YORK (hereinafter referred to as "CITY") was and is a municipal governmental entity organized and existing as such under and by the virtue of the laws of the State of New York.

16. Upon information and belief, at all the times hereinafter mentioned the NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as "NYPD") is a department/political subdivision of the defendant CITY and is a municipal entity duly organized and existing

3

under and by the virtue of the laws of the State of New York.

17. Upon information and belief, at all times hereinafter mentioned, the defendant CITY was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant hereto the individual defendants to this action were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment with defendant CITY.

18. Upon information and belief, at all times hereinafter mentioned, the defendant CITY, its agents, servants and employees operated, maintained and controlled the NYPD, including all the police officers and employees thereof.

19. The NYPD is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the CITY and commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

20. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under Federal Law, particularly the Civil Rights Act, Title 42 of the United States Code § 1983, as well as the common law of the State of New York.

21. That each and all of the acts of the defendants alleged herein were done by the defendants, as State actors acting under color of law.

## STATEMENT OF FACTS

22. On the evening of March 19, 2011 plaintiff REYES was working as a state licensed security

guard in the lobby of the residential building located at 260 Audubon Avenue, New York, New York.

23. Pursuant to the rules and directives of her employer, Plaintiff REYES was assigned to her post and was not permitted to leave the lobby of the building at 260 Audubon Avenue, New York, New York unless relieved by another security guard.

24. Shortly after 8:00 p.m. a physical struggle occurred between three casually clothed adult males on the sidewalk in the area in front of 260 Audubon Avenue, New York, New York.

25. During the struggle several police officers arrived and one of the males was arrested.

26. After the arrest of one of the above males, one of the defendant police officers shouted "You stupid bitch, why didn't you help?" at plaintiff.

27. At approximately 8:15 p.m. plaintiff was approached by a blond haired blue eyed defendant officer, upon information and belief SERGEANT GOGGIN, who stated "Yo, Bitch, get up. You're coming with us" and defendants arrested plaintiff.

28. The defendants violently fastened handcuffs tightly on plaintiff wrist's in a manner intended to cause, and causing, pain and injury.

29. When a civilian eyewitness to the incident indicated to the police that plaintiff had not done anything wrong and was not permitted to leave her post said eyewitness was also arrested.

30. Plaintiff's person was 'patted down' and searched by defendants.

31. The defendants seized plaintiff's personal property including a wallet, cash, a mobile phone, and mobile phone earpiece.

32. Plaintiff was further injured when said defendant officers intentionally caused plaintiff to lose her balance as she attempted to step up into and enter a NYPD van as directed by said defendant officers.

33. As a direct result of being intentionally caused to lose her balance plaintiff fell to the ground and fractured her ankle and experience pain about the body and ankle.

34. Claimant was further pushed, shoved and manhandled by defendant members of the NYPD.

35. Claimant was further forced and intentionally caused to suffer various indignities including repeatedly being called "dyke bitch," "faggot," "bitch," and "useless bitch," principally by the blond haired blue eyed defendant officer, believed to be SERGEANT GOGGIN, but also by other defendant NYPD officers.

36. Once at the police precinct, defendants handcuffed plaintiff to a chair in an area of the 33rd Precinct where NYPD officers where conducting strip searches of male arrestees in front of plaintiff while making inappropriate comments to her such as "you know you want to watch" and "if you want to be a man we will treat you like a man."

37. Defendants caused the plaintiff to be falsely and improperly charged with the crime of Official Misconduct pursuant to New York State Penal Law § 195.00.

38. Official Misconduct under New York State Penal Law § 195.00 is a class "A" misdemeanor, for which Plaintiff faced up to one year of confinement in jail, in addition to fines, fees and other terms and conditions.

39. Plaintiff Reyes is not, and has never been, a public official with meaning to New York State Penal Law § 195.00.

40.  Defendants caused the plaintiff to be falsely and improperly charged with the crime of Refusing to aid a peace or a police officer pursuant to New York State Penal Law § 195.10.

41. Refusing to aid a peace or a police officer pursuant to New York State Penal Law § 195.10 is a class "B" misdemeanor, for which Plaintiff faced up to 90 days of confinement in jail, in addition to fines, fees and other terms and conditions.

42. Before being released from detention by the defendants, plaintiff was issued a desk appearance ticket/summons requiring plaintiff to appear in New York County Criminal Court Part 1 on April 20, 2011.

43. Plaintiff's arrest was reported to the New York State Department of State's Division of Licensing Services.

44. In response to learning of plaintiff's arrest the Division of Licensing Services initiated an investigation that jeopardized plaintiff's New York State Security Guard License and her livelihood.

45. Defendants' actions forced plaintiff to retain legal counsel to assist her in defending against the criminal charges as well as in defense of plaintiff's security guard license.

46. On repeated occasions after the arrest, assault, and battery of plaintiff, the blond haired blue eyed defendant officer, believed to be SERGEANT GOGGIN, and other NYPD officers laughed at and taunted plaintiff on occasions when they observed her attempting to ambulate with a cane or crutches.

### AS AND FOR THE FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS USE OF EXCESSIVE AND UNREASONABLE FORCE

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

48. That the plaintiff's rights have been violated under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was unlawfully subjected to excessive and unreasonable force by the defendants.

7

49. That the excessive force that the plaintiff was subjected to was effected by defendants without authority of law and without any reasonable necessity to use any force, much less the excessive force that they employed and the force employed was used without legal justification, without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

50. As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution, more particularly plaintiff's right to be free from the use of excessive and unreasonable force.

51. That by reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically, experiencing pain about the wrists, ankle and body and sustaining an ankle fracture, and various other harms. The plaintiff was subjected to physical pain, humiliation, embarrassment, anxiety, and continues to be subjected to various ongoing physical and emotional harms, and that the plaintiff was otherwise harmed.

52. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS, in addition to an award of punitive damages, and an award of attorney's fees pursuant to 42 U.S.C. § 1988.

**AS AND FOR THE SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS FALSE ARREST/IMPRISONMENT**

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

54. That the plaintiff's rights have been violated under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, in that the plaintiff was falsely

arrested/imprisoned by the defendants.

55. That the defendants confined the plaintiff, in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff was conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

56. That the said false arrest was caused by the defendants, without any legal justification, without authority of law and without any reasonable cause or belief that the plaintiff was in fact guilty of the charged crimes.

57. That various defendants who knew of the false arrest and permitted the illegal detention of the plaintiff to continue, are liable to the plaintiff via their failure to act pursuant to their affirmative duty to intervene.

58. That defendants POLICE OFFICER "JOHN DOE 1" and POLICE OFFICER "JOHN 2," supervisors within the defendant NYPD who knew of the false arrest and continued to allow and/or order the illegal arrest of the plaintiff and who either directly participated in the violation of plaintiff's rights or who after learning of the violation failed to remedy the wrong are liable to the plaintiff for the violation of her rights pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

59. That by reason of the unlawful arrest, plaintiff was subjected to an illegal confinement; forced to appear in court to defend against the illegitimate charges; compelled to retain counsel to defend against the criminal accusations; compelled to retain counsel to protect her license; she incurred emotional harms; suffered pecuniary harms, humiliation, mental anguish, embarrassment and anxiety; her reputation in the community was impaired and she was prevented from performing her necessary affairs of business; and that she was otherwise injured.

60. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS, in addition to an award of punitive damages, and an award of attorney's fees pursuant to 42 U.S.C. § 1988.

## AS AND FOR THE THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO NEW YORK STATE LAW FALSE ARREST/IMPRISONMENT

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

62. That the plaintiff's rights have been violated by the defendants pursuant to the laws of the State of New York, by the common law tort of false arrest/imprisonment, and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

63. That by reason of the unlawful arrest, plaintiff was subjected to an illegal confinement; forced to appear in court; compelled to retain counsel to defend against the criminal accusations; compelled to retain counsel to protect her license; she incurred emotional harms; suffered pecuniary harms, humiliation, mental anguish, embarrassment and anxiety; her reputation in the community was impaired and she was prevented from performing her necessary affairs of business; and that she was otherwise injured.

64. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS, in addition to an award of punitive damages.

## AS AND FOR THE FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO

## 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS
## MALICIOUS PROSECUTION

65.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

paragraphs with the same force and effect as if more fully and at length set forth herein.

66.   That the plaintiff's rights have been violated under 42 U.S.C. § 1983 and the Fourth and

Fourteenth Amendments to the United States Constitution, in that the plaintiff was

maliciously charged with crimes by the defendants.

67.   That the said malicious prosecution was initiated by the defendants, their agents, servants

and employees, without any legal justification and without probable cause to believe that

the prosecution can succeed, and that the defendants charged and caused the

commencement of criminal proceedings against the plaintiff, the proceedings terminated

in favor of the plaintiff by dismissal of all charges in that the underlying criminal action

by operation of law, and in that the criminal prosecution was commenced intentionally

and with malice and deliberate indifference to plaintiff's rights.

68.   That by reason of the unlawful malicious prosecution, the plaintiff was subjected to

pecuniary harms, great indignities, humiliation, anxiety, she was forced to spend time in

confinement by defendants as well as being forced to appear to answer the charges

against her in New York City Criminal Court, she incurred attorneys' fees and she was

subjected to numerous other harms including the fear or incarceration as well as the loss

of her license and livelihood.

69.   That all the defendants who knew of the commencement of the malicious prosecution of

the plaintiff are liable to the plaintiff for their failure to exercise their affirmative duty to

intervene.

70.     That defendants New York City Police Officers who are supervisors within the defendant

        NYPD, who knew of the malicious prosecution and continued to allow and/or participate

        in the prosecution of the plaintiff and who either directly participated in the violation of

        plaintiff's rights or who after learning of the violation failed to remedy the wrong are

        liable to the plaintiff for the violation of her rights pursuant to the Fourth Amendment.

71.     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed

        ONE MILLION ($1,000,000.00) DOLLARS, in addition to an award of punitive

        damages, and an award of attorney's fees pursuant to 42 U.S.C. § 1988.

## AS AND FOR THE FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFFS' RIGHTS PURSUANT TO
### NEW YORK STATE LAW
### MALICIOUS PROSECUTION

72.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

        paragraphs with the same force and effect as if more fully and at length set forth herein.

73.     That plaintiff's rights have been violated pursuant to the laws of the State of New York

        via malicious prosecution by the defendants.

74.     That the said malicious prosecution was initiated by the defendants, their agents, servants

        and employees, without legal justification and without probable cause in that the

        defendants caused the commencement and continuation of criminal proceedings against

        the plaintiff, the proceedings terminated in favor of the plaintiff by dismissal all charges

        in that the underlying criminal action by operation of law, and in that the criminal

        prosecution was commenced intentionally and with malice and deliberate indifference to

        plaintiff's rights.

75.     That by reason of the unlawful, malicious prosecution, the plaintiff was subjected to an illegal confinement; forced to appear in court; compelled to retain counsel to defend against the criminal accusations; she incurred emotional harms; suffered pecuniary harms, humiliation, mental anguish, embarrassment and anxiety; her reputation in the community was impaired and she was prevented from performing her necessary affairs of business; and that she was otherwise injured.

76.     That defendant NYPD Officers who were/are supervisors within the defendant NYPD (POLICE OFFICER "JOHN DOE 1" and POLICE OFFICER "JOHN DOE 2"), who knew of the malicious prosecution and continued to allow and/or participate in the prosecution of the plaintiff and who either directly participated in the violation of plaintiff's rights or who after learning of the violation failed to remedy the wrong are liable to the plaintiff for the violation of her rights under the laws of New York State.

77.     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, in addition to an award of punitive damages.

## AS AND FOR THE SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS MALICIOUS ABUSE OF PROCESS

78.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

79.     That the plaintiff's rights have been violated under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, in that the plaintiff was subjected to a malicious abuse of process by the defendants.

80.     That said malicious abuse of regularly issued process was initiated by the defendants,

their agents, servants and employees, without any legal justification and without probable

cause, that the defendants caused regularly issued process to be generated and used

against the plaintiff with intent to do harm without excuse or justification, and that the

defendants caused regularly issued process to be generated and used against the plaintiff

for the collateral purpose of distracting attention from the severe physical and mental

injuries they inflicted on plaintiff.

81.     That by reason of the unlawful malicious abuse of process, the plaintiff was subjected to

pecuniary harms, great indignities, humiliation, anxiety, she was forced to spend time in

confinement as well as being forced to appear in court, and she was subjected to

numerous other harms.

82.     That all the defendants who knew of the commencement and continuation of the

malicious abuse of process are liable to the plaintiff via their failure to exercise their

affirmative duty to intervene.

83.     That defendants unidentified NYPD police officers identified in the complaint as

POLICE OFFICER "JOHN DOE 1" and POLICE OFFICER "JOHN DOE 2," who

were/are supervisors within the NYPD, who knew of the malicious abuse of process and

continued to allow and/or participate in the prosecution of the plaintiff and who either

directly participated in the violation of plaintiff's rights or who after learning of the

violation failed to remedy the wrong are liable to the plaintiff for the violation of her

rights pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the

United States Constitution.

84.     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed

ONE MILLION ($1,000,000.00) DOLLARS, in addition to an award of punitive

damages, and an award of attorney's fees pursuant to 42 U.S.C. § 1988.

## AS AND FOR THE SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFFS' RIGHTS PURSUANT TO
### NEW YORK STATE LAW
### MALICIOUS ABUSE OF PROCESS

85.   Plaintiff repeats, reiterate and realleges each and every allegation contained in the prior

      paragraphs with the same force and effect as is more fully and at length set forth herein.

86.   That the plaintiff's rights have been violated pursuant to the laws of the state of New

      York via the common law tort of malicious abuse of process.

87.   That by reason of the unlawful malicious abuse of process, plaintiff was subjected to an

      illegal confinement; forced to attend court appearances; compelled to retain counsel to

      defend against the criminal accusations; she incurred emotional harms; suffered

      pecuniary harms, humiliation, mental anguish, embarrassment and anxiety; her reputation

      in the community was impaired and she was prevented from performing her necessary

      affairs of business; and that she was otherwise injured.

88.   That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed

      ONE MILLION ($1,000,000.00) DOLLARS, in addition to an award of punitive

      damages.

## AS AND FOR THE EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH
### AMENDMENTS BY DEFENDANT CITY OF NEW YORK
### MONELL CLAIM

15

89.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

90.   That the plaintiff's rights have been violated under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution by the defendant CITY.

91.   Defendant CITY and unidentified police officers, identified in the complaint as POLICE OFFICER "JOHN DOE 1" and POLICE OFFICER "JOHN 2," who were supervisors and final decision makers as to matters of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiff's rights under the Constitution and laws of the United States, in that they failed to adequately discipline, sanction, train, retrain, investigate, supervise or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the above-mentioned conduct.

92.   Defendant CITY, as well as POLICE OFFICER "JOHN DOE 1" and POLICE OFFICER "JOHN DOE 2" have with deliberate indifference failed to properly train, discipline, investigate, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by the use of excessive and unreasonable force and by officers routinely generating false charges to cover up the use of excessive force as well as by the ongoing failure by members of the NYPD to intervene to prevent preventable violations of individuals' rights by other officers and in so failing the defendant CITY has caused, encouraged, condoned and allowed the defendants in this case to engage in the aforementioned unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiff to be subjected to deprivations of her civil rights.

93. That because the defendant officers in the instant matter had/have no fear of internal reprisals for violating individuals' rights, they did in fact violate the plaintiff's rights in the instant matter and they did compound their violations of her rights by subjecting her to excessive force, by falsely alleging she had committed crimes, generating documents falsely alleging that plaintiff had committed crimes, and by failing to prevent the preventable violations of her rights committed in their presence.

94. That by reason of defendant CITY's deliberate indifference to the violations of plaintiff's civil rights, plaintiff was subjected to the unlawful use of excessive and unreasonable force, plaintiff was harmed physically, falsely arrested and maliciously prosecuted and she incurred attorney's fees and other pecuniary harms, she was subjected to humiliation, embarrassment, anxiety, defamation in the community, she was confined and forced to appear in court and that she was and is still subjected to various ongoing physical and emotional harms, and that the plaintiff was otherwise harmed.

95. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, in addition to an award of punitive damages, and an award of attorney's fees pursuant to 42 U.S.C. § 1988.


**AS AND FOR THE NINTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
**VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO**
**NEW YORK STATE LAW**
**BATTERY**

96. Plaintiff repeats, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

97. That the defendant CITY is vicariously liable to the plaintiff for the individual

defendants' common law tort of battery via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

98.   That defendants committed a battery on plaintiff in that they engaged in a touching of the plaintiff's person which was harmful, unjustified and without consent and in so doing defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York law.

99.   That by reason of the battery, the plaintiff was harmed physically, caused to experience pain about the body and sustain an ankle fracture.  The plaintiff was subjected to physical pain, humiliation, embarrassment, anxiety and was and is still subjected to ongoing physical pain, limitations and emotional harms, and plaintiff was otherwise harmed as a result of the defendant's actions.

100.   That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS, in addition to an award of punitive damages.

## AS AND FOR THE TENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
### VIOLATION OF THE PLAINTIFF'S RIGHTS UNDER
### NEW YORK STATE LAW
### ASSAULT

101.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

102.   That on the aforementioned date, time and place defendants committed the tort of assault against the plaintiff by causing her to be in apprehension of imminent, harmful and

offensive touching and in so doing the defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York law.

103. That the defendant CITY is vicariously liable to the plaintiff for the individual defendant's common law tort of assault via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

104. That by reason of the aforesaid, committed by defendants, plaintiff suffered and continues to suffer emotional injuries and that she was otherwise damaged.

105. That by reason of the aforesaid the plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, in addition to an award of punitive damages.

## AS AND FOR THE ELEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
## NEW YORK STATE LAW
## TORT CLAIM
## NEGLIGENT HIRING, TRAINING AND RETAINING

106. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

107. That defendant CITY was negligent, careless, reckless and deliberately indifferent in hiring, retaining, improperly training, retraining and supervising the individual defendants in that the said defendants lacked the experience, deportment, ability and temperament to be employed by the CITY, in that the CITY failed to exercise due care and caution in its hiring practices, and in particular, in hiring the individual defendants,

employees who lacked the mental capacity, temperament and the ability to function as employees of the NYPD; failing to investigate the above-named defendants' backgrounds and in that defendant CITY hired and retained as employees of the NYPD individuals who were unqualified in that the individual defendants lacked the maturity, sensibility, intelligence and self restraint to be employed when hired to be employees of defendants CITY and NYPD.

108.   That defendant CITY failed to train its employees to control their tempers and exercise the proper deportment and temperament; to use force prudently and only when necessary, and to otherwise act as reasonably prudent police officers; and in that the defendant CITY failed to give its employees proper instruction as to their deportment, behavior and conduct as representatives and agents of their employer; and in that the defendant CITY, its agents, servants and employees were otherwise reckless, careless, deliberately indifferent and negligent.

109.   That defendant CITY hired and retained as employees violent persons with a propensity for violence, prejudice, intolerance, bigotry, and unlawful discrimination.

110.   That defendant CITY hired and retained as employees dishonest persons with a propensity for dishonesty.

111.   That defendant CITY fostered and maintained an environment with inadequate oversight, where NYPD police officers engaged in misconduct with little fear of disciplinary consequences.

112.   That the aforesaid occurrences and resulting injuries to plaintiff's mind, body and pecuniary harms arising therefrom and related thereto, were caused wholly and solely by reason of the negligence of the defendant CITY, its agents, servants and employees

without any negligence on the part of the plaintiff.

113. That by reason of the negligence of defendant CITY, plaintiff was subjected to the unlawful use of excessive and unreasonable force, a battery, physical harm, sustaining bodily pain and a fractured ankle; the plaintiff was falsely arrested and maliciously prosecuted and she incurred attorney's fees and other pecuniary harms; she was subjected to humiliation, embarrassment, anxiety, defamation in the community; she was confined and forced to appear in court and was and is still subjected to various ongoing physical and emotional harms, and that the plaintiff was otherwise harmed.

114. That by reason of the aforesaid, the plaintiff been has damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, in addition to an award of punitive damages.

## AS AND FOR THE TWELFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
## NEW YORK STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

115. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

116. The defendants' actions and statements as indicated above caused the plaintiff to suffer severe emotional harms, including anxiety, humiliation, depression and the aggravation and exacerbation of a previously well managed psychological condition

117. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS, in addition to an award of punitive damages.

**AS AND FOR THE THIRTEENTH CAUSE OF ACTION ON BEHALF OF
PLAINTIFF
UNDER SECTION 8 OF THE NEW YORK CITY HUMAN RIGHTS LAW
HARRASSMENT AND DISCRIMINATION BASED UPON SEXUAL
ORIENTATION**

118.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

paragraphs with the same force and effect as if more fully and at length set forth herein.

119.    The defendants' actions and statements including repeatedly taunting plaintiff with

epitaphs, including "dyke bitch," "faggot," "bitch," and "useless bitch," and handcuffing

plaintiff to a chair in an area where NYPD officers were conducting strip searches of

male arrestees were intentional acts by perpetrated by defendants and calculated by

defendants to offend or otherwise cause harm to plaintiff taking into account plaintiff's

gender and sexual orientation and/or perceived sexual orientation and caused the plaintiff

to suffer severe emotional harms, including anxiety, humiliation, depression and the

aggravation and exacerbation of a previously well managed psychological condition.

120.    That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed

THREE MILLION ($3,000,000.00) DOLLARS, in addition to an award of punitive

damages.


**WHEREFORE**, plaintiff demands an aggregate judgment against the defendants in a

sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS, in addition to punitive

damages on the plaintiff's federal and state causes of action, together with an award of reasonable

attorney's fees pursuant to 42 U.S.C. § 1988 on all her federal causes of actions, together with

costs and disbursements of this action on all causes of action. Plaintiff demands a trial by jury of all issues involved in this complaint.

Dated: November 4, 2011
     New York, NY

Certain & Zilberg, PLLC
By: Gary Certain [GC-7509]
Counsel to Plaintiff
909 Third Avenue, 28th Floor
New York, New York 10022
Telephone: (212) 687-7800
E-Mail: gcertain@certainlaw.com